# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| BRIAN STEVENS and | ) | |
| BECKY STEVENS, | ) | Case No. 05-31373 |
| | ) | |
| Debtors. | ) | |

## **ORDER**

This matter comes before the Court on the Debtors' amended motion[1] under 11 U.S.C. § 522(f) to avoid the non-purchase money security interest of Community Bank and Trust ("CBT") in certain of the Debtors' personal property.[2] CBT objects to the Debtors' motion on various grounds, including that it is moot because the Debtors did not claim an exemption in the Property or move to avoid CBT's lien in the Property until after CBT had disposed of it.

On January 19, 2006, the Court held a hearing on the matter at which time the parties offered argument and testimony in support of their respective positions. At the conclusion of the hearing, the Court took the matter under advisement.

The Court is now ready to rule, and the answer is straightforward.

Missouri Revised Statutes § 400.9-617(a)(2) provides that a secured party's disposition of collateral "discharges the security interest under which the disposition is made...." In this case, the parties stipulated that CBT sold the Property at public sale on November 5, 2005. The original motion to avoid CBT's lien was filed on November 8, 2005. Thus, the liens that the Debtors now seek to avoid had been

---

[1] The Debtors' original motion to avoid CBT's lien was filed on November 8, 2005, but it did not specify the property allegedly securing the non-purchase money security interests they sought to avoid. The amended motion was filed on January 11, 2006, just eight days before the hearing. Debtors' counsel explained this delay by saying that he had had a difficult time obtaining a list of the property from CBT; this is somewhat puzzling, as the Debtors had been in possession of the equipment when they filed their bankruptcy petition. The Debtors did not claim the Property as exempt until January 16, 2006.

[2] The property at issue is a 1977 Ford Truck, Rotary Tiller, Rowse Scraper, Dayton Generator, Round Baler, Stock Trailer, and an IHC Spreader (collectively, "Property").

discharged when their motion was filed. Put simply, the Debtors cannot avoid liens that do not exist. Therefore, the motion is moot.

Moreover, there is no equitable basis to revive those liens so that the Debtors could avoid them. CBT's disposition of the Property was proper in all respects – CBT sought relief from the automatic stay on September 28, 2005; the Debtors received notice of CBT's motion but chose not to respond; the Court granted CBT relief from the stay on October 31, 2005; CBT sent the Debtors a notice of intent to sell the Property; CBT sold the property at auction on November 5, 2005; the Debtors have not challenged the reasonableness of CBT's disposition of the Property; and the Debtors did not claim an exemption in the Property until January 16, 2006, nearly three months after CBT disposed of it. It would be inequitable to now allow the Debtors to effectively revive the liens and lay claim to the proceeds.[3]

Therefore, for the reasons stated above, it is

**ORDERED** that the Debtors' Amended Motion to Avoid Lien on Tools of the Trade filed on January 11, 2006, is DENIED.

**SO ORDERED** this 23rd day of January 2006.

    /s/   Jerry W. Venters
United States Bankruptcy Judge

Copy of the foregoing mailed electronically or
conventionally to:
Kevin Checkett
Norman E. Rouse

---

[3] It is worth further note that, based on Debtor Brian Stevens's testimony, the Debtors want to have $6,000 in cash on their tools of the trade exemption to purchase cattle and get a fresh start in a cattle operation; they do not have any intention of replacing the equipment they lost due to their inaction.