### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| BRIAN STEVENS and | ) | |
| BECKY STEVENS, | ) | Case No. 05-31373 |
| | ) | |
| Debtors. | ) | |

### **ORDER**

On January 23, 2006, the Court entered an order ("Order") denying the Debtors' motion to avoid the non-purchase money security interest of Community Bank and Trust ("CBT") in the Debtors' alleged tools of the trade on the basis that the motion was moot because CBT had already repossessed and sold the property. The Court also found that there was no equitable basis to revive the lien or fashion some other remedy in favor of the Debtors because they did not object to CBT's repossession or sale of the property. The Debtors now contend that the Order should be amended or vacated because the Debtors should be allowed to amend their exemptions at any time and the Order is "at odds" with other published authority. The Debtors' arguments and cited cases miss the mark.

First, the Debtors misconstrue the issue addressed in the Order. The issue before the Court was not whether the Debtors were entitled to claim an exemption in the property repossessed and sold by CBT, but whether CBT's lien could be avoided. For purposes of the motion, the Court actually presumed that the claim of exemption was valid,[1] but property subject to a valid lien can still be sold by a creditor, if the lien is not timely avoided, as was the case here.

Second, the cases cited by the Debtors are inapposite. *In re Aurelio*[2] dealt only with the propriety of the debtors' claim of exemption; it did not address the debtors' ability to avoid a lien in property repossessed and sold by a secured creditor. In fact, it is unclear from the case whether the objecting creditor even had an avoidable (or any) lien on the property at issue. The debtors in

---

[1] Although, the Debtors' tools of the trade exemption might not be upheld in the face of an objection, inasmuch as Debtor Brian Stevens testified that the money recovered from avoiding CBT's lien would not be used to replace the equipment sold.

[2] 252 B.R. 102 (Bankr. N.D. Miss. 2000).

*Aurelio* sought to claim an exemption in the proceeds of their tools of the trade, but that is where the similarity to this case ends.

*In re Patterson*[3] is slightly more analogous to this case, in that the property sold was subject to a non-purchase money security interest, but it differs in one crucial way – in *Patterson*, the debtors, not the creditor, liquidated the property, so the creditor's lien was still intact when the debtors sought to avoid its lien. When a debtor sells a creditor's collateral, the creditor's lien continues in the proceeds.[4] When a creditor disposes of the collateral, the lien is extinguished.[5] In this case, the lien was extinguished by CBT's sale of its collateral. Therefore, as the Court concluded in the Order, the Debtors' motion must be denied as moot.

Accordingly, it is

**ORDERED** that the Debtors' motion to amend or vacate the Court's January 23, 2006 order is hereby DENIED.

**SO ORDERED** this 3rd day of February 2006.

                                                                               /s/   Jerry W. Venters
                                                                         United States Bankruptcy Judge

Copy of the foregoing mailed electronically or
conventionally to:
Kevin Checkett
Norman E. Rouse

---

[3] 825 F.2d 1140 (7th Cir. 1987).

[4] Mo. Rev. Stat. § 400.9-315.

[5] Mo. Rev. Stat. § 400.9-617(a)(2).